ROBERT BOSWELL et al. v. STATE.

No. A-5007. Opinion Filed July 25, 1925.
(238 Pac. 215.)

Wright & Gill, for plaintiffs in error.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiffs in error were found guilty of having possession of whisky, and by separate verdicts of a jury the punishment of each was assessed at a fine of $100 and confinement in the county jail for a period of 60 days.

The plaintiffs in error urge that the evidence is insufficient to support the verdict. At the time of the alleged offense, plaintiffs in error, defendants in the trial court, were occupying a residence owned by a Mr. Westfall, located on Fourth Street, near the Santa Fe tracks, in Oklahoma City. Westfall was the owner of three lots, each 25 feet wide and 140 feet deep. On the east side of these lots is a grocery store; next to that, on the west, is a jewelry store; adjacent to the jewelry store on the west is an office, and next to that a rooming house; back of the grocery store, and connected with it, is a little house next to the alley; on the alley, which is 20 feet wide, is a little shed and a toilet used by the occupants of the different buildings described. At the time of the alleged offense, all of the buildings were occupied, and there were a number of workmen constructing an ice dock adjacent to this property.

Certain police officers, without a search warrant, went to the defendant's place and began to search the premises; they found some bottles in this house which had contained whisky and one bottle which contained less than one half pint. Hidden in the shed on the property adjacent they found 9 pints of whisky. At the time of the search, defendant Robert Boswell was in Tonkawa. One of the officers making the raid found two hidden receptacles which had at some time probably been used to secrete whisky. This is practically all the evidence in the case,

and in the opinion of this court is insufficient to support the verdict.

The evidence against these defendants was purely circumstantial and of such character that it did not eliminate every other reasonable hypothesis than that of the guilt of the defendants. The whisky secreted in the shed, which was open and accessible to all of the occupants of the nearby buildings and to frequenters of this alley, might have been placed there by some other person.

The judgment of the trial court is therefore reversed.

DOYLE and EDWARDS, JJ., concur.